IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| LETICIA MORA-LEPIZ ) | | |
|    Plaintiff, ) | CASE NO.: | 2:25-cv-10825-RMG |
| ) | | |
| vs. ) | | |
| ) | COMPLAINT | |
| BOBBIE STRAND, UNITED STATES POSTAL ) | JURY TRIAL REQUESTED | |
| SERVICE AND UNITED STATES OF ) | | |
| AMERICA, ) | | |
|    Defendants. ) | | |

COMES NOW Leticia Mora-Lepiz, Plaintiff in the above captioned action, and complaining of Defendants, shows this Honorable Court as follows:

### THE PARTIES

1. The Plaintiff is a citizen and resident of Colleton County, South Carolina.

2. Defendant, Bobbie Strand, is upon information and belief a citizen and resident of Colleton County, South Carolina.

3. Defendant United States Postal Service (*herein after "Post Office"*) is a departmental organization of the Government of the United States of America and existing under the laws of the District of Charleston and doing business in the State of South Carolina.

4. Defendant United States of America is the Government of the United States of America.

### JURISDICTION AND VENUE

5. This action arises under the Federal Tort Claims Act, 28 U.S.C. Part VI, Chapter 171, and Plaintiffs have complied with all administrative prerequisites to the institution of suit.

6. This Court has jurisdiction of the instant action pursuant to 28 U.S.C. § 1331, in that this case arises under the Federal Tort Claims Act (28 U.S. Code § 2671); this Court has original jurisdiction over all claims against the United States of America and the various agencies thereof, including the United States Postal Service.

7. Venue is proper in the District of South Carolina, Charleston Division, pursuant to 28 U.S.C. § 1391, in that a civil action may be brought in the judicial district in which a substantial part of the events or omissions giving rise to claim occurred.

## **FACTUAL ALLEGATIONS**

8. On or about April 13, 2023, the Plaintiff was outside her home with her dog, Daisy.

9. Defendant Bobbie Strand was employed by Defendants delivering mail.

10. Defendant Bobbie Strand was delivering mail in a private vehicle on her daily route on or near the Plaintiff's residence

11. Defendant Bobbie Strand was trying turn her vehicle around in close proximity to the Plaintiff and her dog.

12. Defendants were aware that residents, including their pets, could be in the surrounding area of their home while Defendants are delivering mail.

13. Despite that knowledge, Defendant Bobbie Strand failed to take reasonable precautions to see that such people and their pets were not in the road along the route.

14. All Defendants and their employees had an affirmative duty to protect the citizens and residents, including Plaintiff and her dog from known dangers they may create.

15. On or about April 13, 2023, Defendant, Bobbie Strand, ran over Daisy and continued on her route without stopping to check on the animal or speaking to Plaintiff.

16. Later, Defendant Bobbie Strand eventually turned around as she continued on her route and stopped to speak to Plaintiff.

17. Defendant Bobbie Strand apologized and admitted that did not see Daisy when she ran over her, and admitted to running over Daisy with her vehicle.

18. Plaintiff rushed Daisy to the vet for her injuries.

19. Defendant Bobbie Strand failed to properly look around the area to ensure there was no one in her path.

20. At the time of the accident, Defendant Bobbie Strand was an employee and under the supervision of Defendant Postal Service and Defendant United States of America.

21. That at all times herein mentioned the Plaintiff was acting in a prudent and lawful manner.

22. The Defendants had an affirmative duty to protect the citizens and private property, including Plaintiff and her dog, Daisy, from known dangers they created.

23. The Defendants' actions did cause significant physical injury to the Plaintiff's dog including but not limited to a broken front leg and bruised lungs.

24. Daisy require multiple vet visits for her injuries.

## FIRST CAUSE OF ACTION
### Negligence/Gross Negligence
### Against Defendant Bobbie Strand

25. Plaintiff incorporates by reference the preceding paragraphs as if fully set forth herein verbatim.

26. At said time and place, Defendant Bobbie Strand was driving in a willful, wanton, reckless, negligent, and grossly negligent manner in the following particulars, to wit:

    a. In driving and operating the motor vehicle upon a public highway in a careless and reckless manner and in willful and wanton disregard for the safety of others;

    b. In failing and omitting to keep a sharp and careful lookout and to be attentive while operating a motor vehicle under the circumstances then and there prevailing;

    c. In failing to use due care and caution;

    d. In failing to drive a speed that is reasonable and prudent under the conditions and so as to avoid colliding with another vehicle, in violation of the Code of Laws of South Carolina, Section 56-5-1520(A), as amended;

    e. In failing to obey traffic laws, in violation of the Code of Laws of South Carolina, Section 56-5-730, 1976, as amended;

    f. In failing and neglecting to keep the vehicle under proper control or so to control the same as to have avoided the collision;

    g. In failing to ensure that the vehicle was equipped with good and sufficient brakes or if so equipped, in failing to properly utilize them in violation of the Code of Laws of South Carolina, Sections 56-5-4870 and 56-5-5310, 1976, as amended;

    h. In failing to ensure that the vehicle was equipped with good, sufficient and safe tires in violation of the Code of Laws of South Carolina, Sections 56-5-5040 and 56-5-5310, 1976, as amended;

    i. In driving and operating said vehicle upon a public highway in the State of South Carolina without exercising the degree of care, caution and prudence in the operation of said vehicle that a person of ordinary care, caution and prudence would have exercised under the same and similar circumstances then and there prevailing;

    j. In recklessly operating a vehicle in violation of the Code of Laws of South Carolina, Section 56-5-2920, 1976, as amended;

k. In operating a motor vehicle while the driver's ability and alertness is impaired through fatigue, illness, or any other cause as to make it unsafe to begin or continue to operate the motor vehicle in violation of the Code of Federal Regulations, Title 49, Chapter III, Section 392.3;

l. In operating a commercial motor vehicle without inspecting the vehicle parts and accessories to ensure they were operating in good working order, in violation of the Code of Federal Regulations, Title 49, Chapter III, Section 392.7;

m. In failing to have required knowledge of and implement safe operations regulations contained in the Code of Federal Regulations, Title 49, Chapter III, Section 383.111(a) such as motor vehicle inspection, repair, maintenance requirements, procedures for safe vehicle operations, the effects of fatigue, poor vision, hearing, and general health upon safe commercial motor vehicle operation and the effects of alcohol and drug use upon safe commercial motor vehicle operations;

n. In failing to have knowledge of and implement the proper use of the motor vehicle's safety control systems as set out in the Code of Federal Regulations, Title 49, Chapter III, Section 383.111(b), including lights, horns, side and rear-view mirrors, proper mirror adjustments, brakes, etc.;

o. In failing to perform a safe visual search as required and described in the Code of Federal Regulations, Title 49, Chapter III, Section 383.111(c)(5);

p. In failing to have knowledge of and implement basic control measures regarding the motor vehicle she was operating as described in the Code of Federal Regulations, Title 49, Chapter III, Section 383.111(c)(2);

q. In failing to have knowledge of and implement hazard perception and clues for recognition of hazards as required in the Code of Federal Regulations, Title 49, Chapter III, Section 383.111(c)(11);

r. In failing to have knowledge of and implement emergency maneuvers and the basic information concerning when and how to make emergency maneuvers as required in the Code of Federal Regulations, Title 49, Chapter III, Section 383.111(c)(12);

s. In failing to possess and demonstrate basic vehicle control skills as required by the Code of Federal Regulations, Title 49, Chapter III, Section 383.113(a);

t. In failing to possess and demonstrate safe driving skills as required by the Code of Federal Regulations, Title 49, Chapter III, Section 393.113(b);

u. In failing to possess and demonstrate adequate driving skills as required by the Code of Federal Regulations, Title 49, Chapter III, Section 393.113(2);

v. In failing to operate the motor vehicle in accordance with the laws, ordinances and

regulations of the State of South Carolina, also in violation of the Code of Federal Regulations, Title 49, Chapter III, Section 392.2; and

w. In any other such manner of negligently operating a motor vehicle as may be revealed through discovery in this case.

27. All of which were in violation of the statutes, common laws and regulations of these United States and the State of South Carolina, in such cases made and provided, and all of which were a direct and proximate cause of the injuries and damages sustained by Plaintiff and Daisy.

28. As a direct and proximate result of Defendant Bobbie Strand's willful, wanton, reckless, negligent and grossly negligent conduct the incident occurred, causing Daisy severe injuries.

29. As a direct and sole consequence of Daisy's injuries, Plaintiff has incurred expenses for medical care and other consequential damages and costs. Plaintiff has suffered physical and emotional pain, and this pain will continue to impair Plaintiff in the future. Plaintiff and Daisy have had to endure pain and suffering, resulting in the loss of enjoyment of life, and the pain and suffering will continue to impair Plaintiff and Daisy.

## SECOND CAUSE OF ACTION
### Negligence/Gross Negligence/Respondeat Superior
### Against Defendant Postal Service and Defendant United States of America

30. Plaintiff reiterates and realleges each and every allegation set forth above as if fully repeated herein.

31. At said time and place, Defendants Postal Service and Defendant United States of America as the employer, principal or superior of Defendant Bobbie Strand, was acting in a willful, wanton, reckless, negligent, and grossly negligent manner in the following particulars, to wit:

   a. In failing to ensure that the vehicle was equipped with good and sufficient brakes or if so equipped, in failing to properly utilize them in violation of the Code of Laws of South Carolina, Sec. 56-5-4870 and Sec. 56-5-5310, 1976, as amended;

   b. In failing to ensure that the vehicle was equipped with good, sufficient and safe tires in violation of the Code of Laws of South Carolina, Sec. 56-5-5040 and Sec. 56-5-5310, 1976, as amended;

   c. In failing to ensure the vehicle was maintained in proper working order as to not allow the vehicle to be operated while a defect could pose a hazard to the traveling public;

   d. In failing to ensure that Defendant Bobbie Stramd would exercise proper care in the operation of that vehicle;

e. In allowing Defendant Bobbie Strand to operate a motor vehicle owned by Defendants in a manner, which was unsafe under the circumstances then and there prevailing;

f. In allowing Defendant Bobbie Strand to recklessly operate a motor vehicle owned by Defendants;

g. In failing to properly train Defendant Bobbi Strand to carry out the duties of his employment;

h. In failing to properly supervise Defendant Bobbie Strand as he carried out the duties of his employment;

i. In failing to ensure that Defendant Bobbie Strand knew how to and would drive the vehicle upon a public neighborhood road in the State of South Carolina with the degree of care, caution, and prudence in the driving and operating of that vehicle that a person of ordinary care, caution and prudence would have exercised under the same and similar circumstances then and there prevailing;

j. In allowing Defendant Bobbie Strand to drive and operate the commercial vehicle upon a public neighborhood road in a careless and reckless manner and in willful and wanton disregard for the safety of others;

k. In allowing Defendant Bobbie Strand to fail and omit to keep a sharp and careful lookout and to be attentive while operating a motor vehicle under the circumstances then and there prevailing;

l. In allowing Defendant Bobbie Strand to fail to use due care and caution;

m. In failing to ensure Defendant Bobbie Strand properly loaded the cargo on the Defendant vehicle;

n. In allowing Defendant Bobbie Strand to recklessly operate their vehicle in violation of the Code of Laws of South Carolina, Sec. 56-5-2920, 1976, as amended;

o. In failing to ensure Defendant Bobbie Strand possessed and demonstrated basic vehicle control skills as required by the Code of Federal Regulations, Title 49, Chapter III, Section 383.113(a);

p. In failing to ensure Defendant Bobbie Strand possessed and demonstrated safe driving skills as required by the Code of Federal Regulations, Title 49, Chapter III, Section 393.113(b);

q. In failing to ensure Defendant Bobbie Strand possessed and demonstrated adequate driving skills as required by the Code of Federal Regulations, Title 49, Chapter III, Section 393.113(2);

    r. In failing to ensure Defendant Bobbie Strand would operate the motor vehicle in accordance with the laws, ordinances and regulations of the State of South Carolina, also in violation of the Code of Federal Regulations, Title 49, Chapter III, Section 392.2;

    s. In failing to demonstrate that it implements adequate safety management controls in place, which function effectively to ensure acceptable compliance with applicable safety requirements in violation of the Code of Federal Regulations and the South Carolina Code of Laws applicable hereto

    t. In hiring and using unqualified drivers for their commercial motor vehicle job duties in violation of the Code of Federal Regulations, Chapter 49, Section 385.5(c);

    u. In failing to require their drivers to comply with all additional State and local laws relating to safety in violation of the Code of Federal Regulations, Chapter 49, Section 390.9;

    v. In failing in their duty to ensure that commercial motor carrier drivers observe all duties required by law in violation of the Code of Federal Regulations, Title 49, Chapter III, Section 390.111;

    w. In failing to ensure that by reason of experience, training, or both, Defendant Bobbie Strand could safely operate the type of commercial motor vehicle that she drives, as required by Title 49, Chapter 111, Part 391, Section 391.11(b)(3);

    x. In failing to ensure that Defendant Bobbie Strand possessed the required knowledge of and implemented safe operations regulations contained in the Code of Federal Regulations, Chapter 49 for safe commercial motor vehicle operations;

    y. In failing to ensure that Defendant Bobbie Strand would perform a safe visual search as required and described in the Code of Federal Regulations, Chapter 49, Section 383.111(c)(5);

    z. In failing to ensure that Defendant Bobbie Strand had knowledge of and implemented basic control measures regarding the commercial truck she was operating as described in the Code of Federal Regulations, Chapter 49, Section 383.111(c)(2); and,

    aa. In any other such manner of negligently operating a commercial motor vehicle as may be revealed through discovery in this case.

32. The negligence of Defendant Postal Service and Defendant United States of America as set out above was the proximate cause of Plaintiff's injuries and other consequential damages and costs.

33. Such acts by Defendant Postal Service and Defendant united States of America were the proximate cause of Plaintiff and Daisy's injuries, medical expenses and other consequential damages and costs and such acts were wanton, willful, reckless, negligent and grossly negligent, and such acts were without regard for the safety of Plaintiff and others on the public roadways.

34. As a direct and sole consequence of Daisy's injuries, Plaintiff has incurred expenses for medical care and other consequential damages and costs. Plaintiff has suffered physical and emotional pain, and this pain will continue to impair Plaintiff in the future. Plaintiff has suffered lost wages and has had to endure pain and suffering, resulting in the loss of enjoyment of life, and the pain and suffering will continue to impair Plaintiff

### FOR A THIRD CAUSE OF ACTION
**Failure to Supervise/Train**
**Against Defendant Postal Service and Defendant United States of America**

35. The Plaintiff reiterates each and every allegation above as if fully repeated herein.

36. Defendant Postal Service and Defendant United States of America created the hazardous condition caused by the defendant's negligence in crossing the center line and crashing into the Plaintiff and it caused a dangerous condition for the general public and the Plaintiff.

37. The Plaintiff was injured due to the negligence of the Defendant Postal Service and Defendant United States of America's employee.

38. Defendant Postal Service and Defendant United States of America owed to the Plaintiff a duty of reasonable care.

39. Defendant Postal Service and Defendant United States of America's employee ran into Daisy, Plaintiff's dog, and did not return until after the incident.

40. Defendant Postal Service and Defendant United States of America, through the use of reasonable care, could have prevented the injuries to Daisy.

41. At all times herein, Defendant Postal Service and Defendant United States of America owed the Plaintiff a duty of care to train and supervise its employees adequately.

42. That the Defendant Postal Service and Defendant United States of America, by their acts and omissions were negligent, grossly negligent, careless, reckless, willful and wanton in one or more of the following particulars, to wit:

    a. In allowing their employees to turn without warning and run into Plaintiff's dog, Daisy;

    b. In failing to properly train or supervise its employees to act as to not be a danger to members of the public thereon;

    c. In failing to take proper precautions to ensure that their employee did not run over the Plaintiff's dog, Daisy;

    d. In failing to exercise the degree of care, caution and prudence a person of ordinary care, caution and prudence would have exercised under the same and similar circumstances then and there prevailing.

    e. In any other such manner of negligently operating a commercial motor vehicle as may be revealed through discovery in this case.

43. Such acts by the Defendant Postal Service and Defendant United States of America were the proximate cause of Daisy's injuries and Plaintiff's damages and such acts were wanton, willful, reckless, negligent and grossly negligent and such acts were without regard for the safety of the public and individuals on the premises, including the Plaintiff

44. As a direct and sole consequence of the aforesaid injuries, Daisy suffered serious injuries, and the Plaintiff has incurred expenses for medical care and other incidental costs. The Plaintiff and Daisy have had to endure pain and suffering resulting in the loss of enjoyment of life and the pain and suffering will continue to impair the Plaintiff and Daisy.

## FOR A FOURTH CAUSE OF ACTION
**Failure to Maintain/Negligent Entrustment**
**Against Defendant Postal Service and Defendant United States of America**

45. Plaintiff reiterates and realleges each and every allegation set forth above as if fully repeated herein.

46. At all times herein, Defendant Postal Service and Defendant United States of America entrusted the vehicle to Defendant Bobbie Strand, when they knew or should have known of his dangerous propensities and of his incompetence to drive a motor vehicle.

47. At all times herein, Defendant Postal Service and Defendant United States of America entrusted the vehicle to Defendant Bobbie Strand and failed to ensure that he would exercise proper care in the operation of that vehicle.

48. At said time and place Defendant Postal Service and Defendant United States of America were acting in a willful, wanton, reckless, negligent and grossly negligent manner in the following particulars, to wit:

    a. In failing to ensure that the vehicle was equipped with good and sufficient brakes in violation of the Code of Laws of South Carolina §56-5-4870 and §56-5-5310;

    b. In failing to ensure that the vehicle was equipped with good, sufficient and safe tires in violation of the Code of Laws of South Carolina §56-5-5040 and §56-5-5310;

    c. In failing to act as a prudent owner of the vehicle and negligently entrusting their vehicle to Defendant Bobbie Strand whom they knew or should have known would not drive the vehicle in a safe manner;

    d. At all times herein Defendant Postal Service and Defendant United States of America knew there was a great likelihood that Defendant Bobbie Strand would be negligent in the operation of this vehicle; and

    e. Defendant Postal Service and Defendant United States of America possessed a duty to recognize the existence of unreasonable risk of harm to others through Defendant Bobbie Strand's negligence.

49. As a direct and proximate result of Defendant Postal Service and Defendant United States of America's willful, wanton, reckless, negligent and grossly negligent conduct, a collision occurred causing Plaintiff's dog, Daisy, to sustain physical injury and great emotional upset and distress.

50. Defendant Postal Service and Defendant United States of America possessed a duty to recognize the existence of unreasonable risk of harm to others through Defendant Bobbie Strand's negligence.

51. As a direct and proximate result of the Defendant Postal Service and Defendant United States of America willful, wanton, reckless, negligent and grossly negligent conduct, Plaintiffs do, Daisy, sustained serious and permanent injury.

52. As a direct and sole consequence of Daisy's injuries, Plaintiff has incurred expenses for Daisy's medical care and other consequential damages and costs. Plaintiff and Daisy have suffered physical and emotional pain, and this pain will continue to impair them in the future. Plaintiff has suffered lost wages and has had to endure pain and suffering, resulting in the loss of enjoyment of life, and the pain and suffering will continue to impair Plaintiff

    WHEREFORE, the Plaintiff prays for judgment against the Defendants for such sum of actual damages that a trier of fact may find, for the costs of this action, and for such other and further relief as this Court may deem just and proper.

**[SIGNATURE TO FOLLOW ON THE NEXT PAGE]**

                                              **WIGGER LAW FIRM, INC.**

                                              **s/ Dominic M. Nation**
                                              Dominic M. Nation, Esq.
                                              Attorney for the Plaintiff
                                              Fed Id: 14290
                                              8086 Rivers Avenue Suite A
                                              N. Charleston, SC 29406
                                              Phone No.: (843) 553-9800
                                              Fax No.: (843) 203-1496
                                              Email: dnation@wiggerlawfirm.com

North Charleston, South Carolina
this **14th** day of **August 2025**